IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  10-cv-02050-CMA-KLM

JOSE MEDINA ESCOBAR,

      Plaintiff,

v.

MAJOR C. HOLDITCH,
SERGEANT ROBERTS,
SERGEANT HALSTEAD,
SERGEANT P. BINDER,
C/O CRIDER,
C/O FERGUSON,
C/O MARTIN,
C/O COOPER,
C/O K. VIALPONDO,
C/O ARCHULETA,
C/O A. LOMBARD,
SERGEANT POOL,
LIEUTENANT T. CHAVEZ,
DOCTOR J. WRIGHT, and
NURSE PRACTITIONER K. BOYD,

      Defendants.
_____

## ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

      This matter is before the Court on Plaintiff's **Motion for Temporary Restraining Order and/or a Preliminary Injunction** [Docket No. 21; Filed October 18, 2010] (the "Motion").  On November 30, 2010, Defendants filed a Response [Docket No. 33] (the "Response") in opposition to the Motion.  Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C.COLO.LCivR 72.1C, the Motion has been referred to this Court for a recommendation

regarding disposition.  The Court has reviewed the Motion, the Response, the entire case file, and the applicable law and is sufficiently advised in the premises.  For the reasons set forth below, the Court **RECOMMENDS** that the Motion be **DENIED**.

## I.    Summary of the Case

Plaintiff is an inmate at the Centennial Correctional Facility, and he is proceeding *pro se* in this case.  In his Amended Complaint [Docket No. 17], Plaintiff asserts four claims pursuant to 42 U.S.C. § 1983, which he styles as follows: (1) "First Amendment Violation: Access to the Court"; (2) 'Eighth Amendment Violation: Use of Excessive Force, Cruel and Unusual Punishment, and Retaliation"; (3) Intentional Infliction of Mental Distress and Outrageous Conduct"; (4) "Violation of Substantive Due Process and Equal Protection of the Law."  *Amended Complaint* [#17] at 13-18.  Plaintiff has asserted identical or similar claims in two other 42 U.S.C. § 1983 actions currently pending in this Court, No. 06-cv-01222-CMA-KLM  and  No. 09-cv-02207-CMA-KLM.   Plaintiff now seeks a temporary restraining order or preliminary injunction in all three of his pending cases, and he has filed identical Motions for Temporary Restraining Order and/or Preliminary Injunction in each case. *Motion* [#21]; *Motion* [Docket No. 265], No. 06-cv-01222-CMA-KLM; *Motion* [Docket No. 70], No. 09-cv-02207.  Plaintiff seeks a temporary restraining order or preliminary injunction "to restrain the previous, present, and additional Defendants, and their agents, relatives, friends, and/or their co-workers in Plaintiff's civil actions who have/are causing him on a daily basis the unnecessary and wanton infliction of pain and suffering in retaliation for Plaintiff's administrative grievances and lawsuits." *Motion* [#21] at 1.  Plaintiff also "request[s] that the Court transfer [him] from the Colo[rado] [Department of Corrections] to a penal system safe, free from previous/present Defendants and Colo[rado]

inmate enemies that can do him harm." *Id.* at 10.

## II.   Standard of Review

Although Plaintiff's Motion requests both a preliminary injunction and a temporary restraining order, because Defendants were given notice and an opportunity to respond, the Court analyzes the Motion under the standards for issuance of a preliminary injunction. Fed. R. Civ. P. 65(a) and (b) govern preliminary injunctions and temporary restraining orders. "Where the opposing party has notice, the procedure and standards for issuance of a temporary restraining order mirror those for a preliminary injunction." *Emmis Commc'ns Corp. v. Media Strategies, Inc.*, No. 00-WY-2507CB, 2001 WL 111229, at *2 (D. Colo. Jan. 23, 2001) (unreported decision) (citing 11A Charles Alan Wright, et al., *Federal Practice and Procedure* § 2951 (2d ed.1995)).

Injunctive relief is an extraordinary remedy that should only be granted when the moving party clearly and unequivocally demonstrates its necessity. *See Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005).  In the Tenth Circuit, a party requesting injunctive relief must clearly establish the following:  (1) the party will suffer irreparable injury unless the injunction issues; (2) the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party; (3) the injunction, if issued, would not be adverse to the public interest; and (4) there is a substantial likelihood of success on the merits. *Id.*  It is well-established that "[b]ecause a showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction, the moving party must first demonstrate that such injury is likely before the other requirements for the issuance of an injunction will be considered." *Dominion Video Satellite, Inc. v.*

*Echostar Satellite Corp.*, 356 F.3d 1256, 1260 (10th Cir. 2004) (citations omitted).

Moreover,

> [b]ecause the limited purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held, we have identified the following three types of specifically disfavored preliminary injunctions . . . (1) preliminary injunctions that alter the status quo; (2) mandatory preliminary injunctions; and (3) preliminary injunctions that afford the movant all the relief that [he] could recover at the conclusion of a full trial on the merits.

*Schrier*, 427 F.3d at 1258-59 (citations omitted).  These disfavored injunctions are "more closely scrutinized to assure that the exigencies of the case support the granting of a remedy that is extraordinary even in the normal course."  *Id.* at 1259.

### III.   Analysis

Plaintiff seeks a preliminary injunction which would (1) enjoin Defendants from engaging in "wanton infliction of pain and suffering in retaliation for [his] administrative grievances and lawsuits," *Motion* [#21] at 1, and (2) require Defendants to "transfer [him] from the Colo[rado] [Department of Corrections] to a penal system safe, free from previous/present Defendants and Colo[rado] inmate enemies that can do him harm," *id.* at 10.  The relief Plaintiff seeks would alter the status quo rather than preserve it and would also require Defendants to act.  Therefore, the injunctive relief sought by Plaintiff "constitutes a specifically disfavored injunction" that "must be more closely scrutinized." *Schrier*, 427 F.3d at 1261.  Accordingly, the Motion must be denied unless Plaintiff's "right to relief [is] clear and unequivocal."  *Id.* at 1258.

The law is well-established that prison management functions should be left to the broad discretion of prison administrators to enable them to manage prisons safely and

effectively.  *See, e.g.*, *Meachum v. Fano*, 427 U.S. 215 (1976).  Courts should grant injunctive relief involving the management of prisons only under exceptional and compelling circumstances.  *Taylor v. Freeman*, 34 F.3d at 266, 269-70 n.2 (4th Cir. 1994); *see also Citizens Concerned for Separation of Church & State v. Denver*, 628 F.2d 1289, 1299 (10th Cir. 1980).  Indeed, the Court of Appeals for the Tenth Circuit has stated that it "abhor[s] any situation or circumstance requiring the intervention of the federal courts in matters involving the administration, control and maintenance by the sovereign states of their penal systems.  It is a delicate role assigned to the federal courts to display that restraint so necessary in the maintenance of proper federal-state relations." *Battle v. Anderson*, 564 F.2d 388, 392 (10th Cir. 1977) (quotation omitted).  As such, "intervention in the management of state prisons is rarely appropriate when exercising the equitable powers of the federal courts. . . .  [This] is especially true where mandatory injunctive relief is sought and only preliminary findings as to the plaintiff's likelihood of success on the merits have been made." *Taylor*, 34 F.3d at 269 (citations omitted).

### A.    Irreparable Harm

To obtain injunctive relief, Plaintiff must first show that he will suffer irreparable harm if his request for injunctive relief is denied.  *Schrier*, 427 F.3d at 1258.  "To constitute irreparable harm, an injury must be certain, great, actual 'and not theoretical.'" *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003) (quoting *Wis. Gas Co. v. FERC*, 758 F.2d 669, 674 (D.C. Cir. 1985)).  Irreparable harm is more than "merely serious or substantial" harm.  *Id.* (citation omitted).  The party seeking the preliminary injunction "must show that the injury complained of is of such *imminence* that there is a clear and present

need for equitable relief to prevent irreparable harm." *Id.* (quotation omitted).  Therefore, to demonstrate irreparable harm, Plaintiff "must establish both that harm will occur, and that, when it does, such harm will be irreparable."  *Vega v. Wiley*, 259 F. App'x 104, 106 (10th Cir. 2007).  Finally, an injunction is only appropriate "to prevent existing or presently threatened injuries.  One will not be granted against something merely feared as liable to occur at some indefinite time in the future." *Connecticut v. Massachusetts*, 282 U.S. 660, 674 (1931).

The Court finds that Plaintiff has failed to show that he will suffer irreparable harm if his request for injunctive relief is denied.  Plaintiff alleges only two "existing or presently threatened injuries": (1) ongoing injury from Defendants' failure to provide adequate medical treatment for his "ptosis, a now rapid[ ] deterioration of Plaintiff's eyelid muscles," *Motion* [#21] at 4; and (2) threatened future physical injury that will be inflicted by Defendants and other inmates, *id.* at 7 (alleging that Plaintiff is confined in living unit within the state prison that has been deliberately staffed with "hostile Defendants and their agents" with the intention that they physically harm Plaintiff); *id.* at 10 (alleging that Plaintiff is confined in a living unit within the state prison that has been populated with "inmate enemies that can do him harm").  The other allegations in Plaintiff's Motion do not relate to existing or presently threatened injuries.  *See Response* [#33] at 2 ("The majority of Plaintiff's allegations have either been handled in previous requests for Temporary Restraining Order and/or Preliminary Injunction, or are the subject of one of Plaintiff's three pending civil suits.").

With respect to Plaintiff's alleged ongoing injury from Defendants' failure to provide

him with adequate medical treatment, the Court finds that Plaintiff has failed to show that he will suffer irreparable harm without an injunction.  First, Plaintiff has not established that he is in fact receiving inadequate medical treatment.  As Defendants point out, "Plaintiff claims the only remedy for [his ptosis] is surgery, although he does not name the professional who has informed him of this."  *Response* [#33] at 5.  Further, Plaintiff admits that he has received a medical opinion from "Dr. Wright" that "surgery is not warranted."  *Motion* [#21] at 4.  Second, Plaintiff has not alleged that he will be irreparably harmed if his ptosis is not properly treated during the pendency of this case.  Plaintiff has not stated that delaying purportedly necessary surgery will cause any permanent, irreversible damage to his eyes or eyesight.

With respect to Plaintiff's alleged threatened future physical injury , the Court finds that Plaintiff has failed to show that future physical injury is certain or even likely.  First, injunctive relief is generally not appropriate to address post-complaint conduct. *Teague v. Hood*, No. 06-cv-01800, 2008 WL 2228905, at *16 (D. Colo. May 27, 2008) (unreported decision) (noting that injunctive relief should not lie to address conduct that occurred after complaint was filed).  Second, Plaintiff has not alleged that he is suffering ongoing physical injury.  Although Plaintiff states that he has suffered "numerous brutal assaults and the malicious and sadistic infliction of pain" that evidence a "continuing pattern of official misconduct," *Motion* [#21] at 9, he does not allege any specific incidents of assault or physical injury that occurred after May 10, 2007.  *See id.* at 3 (alleging that a "2 ½ hour excessive force assault" occurred on May 10, 2007).  Even if Plaintiff's allegations of past assaults are assumed to be true, the fact that Plaintiff was physically injured on and before

May 10, 2007 does not establish with any certainty that he is likely to be injured again in the future.  Third, while Plaintiff does allege ongoing *verbal* harassment and threats, *see, e.g., id.* at 5 (alleging that Defendants "have continued to severely harass [and] threaten Plaintiff with grave injury or death if he refuses to dismiss his civil complaints on them"), he has not shown that he will actually suffer physical injury – or any other irreparable harm – if such harassment is not enjoined.  *See Connecticut*, 282 U.S. at 674 (noting that injunctive relief will not lie where alleged injury is merely feared to occur at some time in the future).

The Court concludes that Plaintiff's conjectural and unsubstantiated allegations fail to demonstrate a risk of harm that is more than "merely serious or substantial." *Heideman*, 348 F.3d at 1189.  Given that (1) there is no evidentiary support for Plaintiff's conclusory allegations, and (2) even if the allegations are true they do not establish that irreparable injury is imminent, injunctive relief should be denied.  *See Sampson v. Murray*, 415 U.S. 61, 91-92 (1974) (inferring that the failure to show irreparable injury is sufficient ground, by itself, to deny injunctive relief); *Dominion*, 356 F.3d at 1260 (noting that without irreparable harm, injunctive relief is not available).  Nevertheless, in the interest of completeness, the Court briefly addresses the remaining factors used to determine whether a preliminary injunction should enter.

### B.    Balance of Harm and Public Harm

In order to be entitled to entry of a preliminary injunction, Plaintiff must demonstrate that "the threatened injury . . . outweighs whatever damage the proposed injunction may cause the opposing party" and that "the injunction, if issued, would not be adverse to the

public interest." *Schrier*, 427 F.3d at 1258.  Plaintiff has failed to do so.  Plaintiff does not address the impact of his requested injunction on the public interest, and he only perfunctorily addresses the balance of harm.  *See Motion* [#21] at 8 (explaining that because the complained of actions of Defendants are illegal, "granting this motion will not in any way cause harm to the adverse party").  Plaintiff appears to assume that the Court can control Defendants' conduct with minimal adverse impact on them.  This assumption fails to take into account the important issue of the financial and logistical burdens that would be imposed on Defendants if they were ordered to treat Plaintiff any differently.   As noted above, the Court's interference with Defendants' day-to-day decisions regarding how to manage Plaintiff, particularly to the extent that Plaintiff's requested relief would deviate from how Defendants manage all other inmates, would significantly undermine their discretion and autonomy.  *See Taylor*, 34 F.3d at 269-70.

Further, the Court notes that the pleadings demonstrate that Defendants and other Colorado Department of Corrections ("CDOC") officials have been responsive to Plaintiff's concerns in the past.  *See, e.g.*, *Motion* [#21] at 2 (explaining that Plaintiff was transferred from the CDOC system to the Nebraska State Penitentiary in 1991 as a result of a settlement conference with CDOC defendants in a prior case); *Response* [#33] at 2, ¶1. Given this fact, the extreme action of Court intervention does not appear to be warranted in this case, even if Plaintiff feels that his concerns were not adequately handled in the past and are not being adequately handled now.  Accordingly, the Court finds that Plaintiff has not shown that "the threatened injury . . . outweighs whatever damage the proposed injunction may cause the opposing party."  *Schrier*, 427 F.3d at 1258.

Finally, the Court notes that the public would ultimately have to bear the cost of any action specifically required from Defendants, e.g., transferring Plaintiff from the CDOC system for a second time.  Although such cost may be minimal in this isolated case, the Court finds that the public interest is best served by maintaining the bright-line rule that Court interference is limited to only those extreme cases where irreparable injury is clear. The Court's monitoring of and control over Defendants' day-to-day treatment of Plaintiff and the management of CDOC inmate assignments would be adverse to the public interest. Accordingly, the Court finds that Plaintiff has failed to show that "the injunction, if issued, would not be adverse to the public interest."  *Schrier*, 427 F.3d at 1258; *see Teague*, 2008 WL 2228905, at *17 (noting that the public is adversely impacted by "the court monitor[ing] such matters as making copies, showering, verbal harassment, television, recreation, cleanliness of cells, assignment of cells," etc.).

## C.    Substantial Likelihood of Success on the Merits

To receive a preliminary injunction Plaintiff must show that he has a substantial likelihood of success on the merits of his claims.  *Schrier*, 427 F.3d at 1258.  Plaintiff brings both First and Eighth Amendment claims regarding his treatment by Defendants.  *Amended Complaint* [#17].  In his Motion, Plaintiff fails to explain why he is likely to succeed on the merits of any of these claims.  Instead, Plaintiff merely states that his "likelihood of winning judgment in this action is overwhelming."  *Motion* [#21] at 8.  This statement is clearly inadequate.  *See Hall*, 935 F.2d at 1110 (holding that a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based"); *Bryant v. NFL, Inc.*, No. 07-cv-02186, 2007 WL 3054985, at *2 (D.

-10-

Colo. Oct. 18, 2007) (unreported decision) (holding that conclusory allegations will not support a motion for injunctive relief).

Further, given the tenuous nature of the relationship between some of Plaintiff's allegations in his Motion and the claims in his Amended Complaint, these allegations do not tend to make his underlying claims any more or less meritorious.  Because the purpose of a preliminary injunction is to preserve the status quo and prevent irreparable harm pending resolution of the lawsuit, "a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint."  *Devose v. Herrington*, 42 F.3d 470, 471 (10th Cir. 1994) (affirming district court's denial of plaintiff's motion for preliminary injunction where the motion sought an injunction related to alleged retaliatory actions but the underlying complaint brought only Eighth Amendment claims for inadequate medical treatment).

Finally, considering whether Plaintiff is likely to succeed on the merits of the vague First and Eighth Amendment claims asserted in the Amended Complaint, the Court notes that "it is not the role of the federal judiciary to scrutinize and interfere with the daily operations of a state prison."  *Peterson v. Shanks,* 149 F.3d 1140, 1144 (10th Cir.1998).  An inmate is not "inoculated from the normal conditions of confinement experienced by [inmates] serving time in prison merely because he is engaged in protected activity," i.e., filing a lawsuit.  *Id.*; *see also Merritt v. Hawk*, 153 F. Supp. 2d 1216, 1224 (D. Colo. 2001) (requiring more than mere conclusory statement that inmate has been retaliated against).  "It is imperative that [a] plaintiff's pleading be factual and not conclusory.  Mere allegations of constitutional retaliation will not suffice; plaintiffs must, rather, allege specific facts

-11-

showing retaliation because of the exercise of the prisoner's constitutional rights." *Frazier v. Dubois*, 922 F.2d 560, 562 n.1 (10th Cir. 1990); *see also Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999) ("[T]he inmate must allege more than his personal belief that he is the victim of retaliation."). The Court finds that Plaintiff has failed to show that he has a substantial likelihood of success on the merits of his underlying claims.

## IV.  Conclusion

Plaintiff has failed to satisfy the four prerequisites for obtaining a preliminary injunction. Most importantly, Plaintiff has failed to carry his burden of establishing that the circumstances under which he is currently incarcerated give rise to a substantial risk that he will suffer irreparable harm. No hearing is required.[1] Accordingly, I respectfully **RECOMMENDED** that Plaintiff's Motion [#21] be **DENIED**.

IT IS **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A

---

[1] Rule 65(a) does not explicitly provide that an evidentiary hearing is required before ruling on a motion for a preliminary injunction. Injunctions may be denied without a hearing and based solely on the written evidence if "receiving further evidence would be manifestly pointless." 11A Charles Alan Wright et al., *Federal Practice and Procedure* § 2949, at 225-26 (2d ed. 1995); *see also Anderson v. Jackson*, 556 F.3d 351, 360 (5th Cir. 2009) (hearing unnecessary if movant cannot introduce sufficient evidence to justify granting the preliminary injunction). Specifically, the Court notes that the Tenth Circuit does not require the Court to hold an evidentiary hearing before denying a motion for a preliminary injunction. *See Reynolds & Reynolds Co. v. Eaves*, 149 F.3d 1191 (table) (10th Cir. June 10, 1998). Nor is an evidentiary hearing indispensable in ruling on a motion for a preliminary injunction. *Aoude v. Mobil Oil Corp.*, 862 F.2d 890, 893 (1st Cir. 1988). Whether a hearing should be held is a matter of the Court's discretion. *Id.*; *see also Prosper, Inc. v. Innovative Software Techs.*, 188 F. App'x 703, 705-06 (10th Cir. June 29, 2006) (holding that when allegations related to request for injunctive relief are not supported by the record, no hearing is required); *Starter Corp. v. Converse, Inc.*, 170 F.3d 286, 299 (2d Cir. 1999) (noting that a formal hearing on consideration of injunctive relief is not required when parties are given opportunity to fully brief the issue).

party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P.  72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).  A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review.  *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

DATED: January 7, 2011 at Denver, Colorado.

BY THE COURT:

 s/ Kristen L.  Mix
Kristen L.  Mix
United States Magistrate Judge